DEPARTMENT OF HEALTH OF THE STATE OF NEW JERSEY,
complainant,

*v.*

CITY OF NORTH WILDWOOD, defendant.

[Decided December 15th, 1923.]

1. To a bill under *P. L. 1907 ch. 135,* by the state department of health for injunction to compel such city to cease the pollution of waters of the state and to provide a proper means for disposal of its sewage, the fact that the bonded indebtedness of a city already equals the statutory limit thereof, does not constitute a defence.

2. The court of chancery has no power to entertain an appeal from the findings of the state sewage commission (now the state department of health) after the expiration of the time limited for such appeal in the statute.

On motion to strike out answer.

*The Attorney-General,* for the complainant.

*Mr. Robert Bright,* for the defendant.

BUCHANAN, V. C.

Succinctly, the allegations of the bill (omitting formal matters not pertinent to this issue) are, that complainant in 1911 investigated a complaint that defendant was polluting certain waters of this state by its sewage disposal system; ascertained that defendant was so polluting such waters; made a formal finding to that effect; adopted formal resolution that defendant prior to June 1st, 1912, must cease such pollution and make such other disposition of its sewage as shall be approved by complainant; and served formal notice of the foregoing on defendant on October 23d, 1911. That defendant did not, and has not yet, ceased such pollution, nor made other disposition of its sewage; but still continues the

pollution. It prays a mandatory injunction to terminate the pollution and compel a different and proper sewage disposal system.

The bill and the proceedings recited therein are all pursuant to the provisions of the several statutes in that behalf enacted by the legislature of this state.

The answer admits every allegation of the bill—most of them specifically and the remainder by failure to make any denial thereof. By way of attempted affirmative defence it alleges:

(*a*) That it has directed its city engineer to prepare plans for a proper sewage disposal plant and submit them to complainant.

It does not say when this was done—and in any event it is obvious that this is no defence to the bill.

(*b*) That the cost of erecting a proper sewage disposal plant will be $300,000; (and in substance) that its bonded indebtedness is very close to the limit prescribed by law, and at. no time has it been possible for it to pay for the erection of a proper plant by an issue of bonds, without exceeding this legal limit; although it has tried to reduce its bonded indebtedness by "diligently attempting" to collect large arrearages of taxes and assessments; and that it will endeavor to have the legislature at the coming session raise the present limitation of its authorized bonded indebtedness.

Clearly, to my mind, there is nothing in any of this which constitutes a defence to the bill. The legislature has imposed upon defendant the obligation to do the very thing of which complainant prays this court to enforce the performance of and has provided that complainant may apply to this court for such enforcement. The mere fact that defendant cannot legally perform by means of issuing bonds does not show that it cannot legally perform at all. It has the taxing power wherewith to raise funds for the purpose; possibly also the power to do so by special assessment. There is not even a showing that the raising of the requisite sum of taxation would substantially increase its tax rate; although I do

not mean to be understood that if such proof were made it would constitute any defence.

The complainant's objection that the answer discloses no defence must be sustained.

The answer asks leave to appeal from the finding and determination of complainant hereinbefore mentioned. That is no proper part of the answer and the matter was not mentioned in the argument; but it may be added here that this court would not and could not grant such an application if it were made.

It could not grant it, because the statute fixes the limitation of six months' time within which such appeal must be taken (long since elapsed) and does not give this court the right to extend such time.

It would not be granted, even if the court had the power, because there is no proof, or even allegation, that the finding and determination were erroneous—that any meritorious ground exists for such an appeal.